IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JIMMY D. BILLINGSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-412-WKW |
| | ) | [WO] |
| MIKE SCHMITZ AUTOMOTIVE | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Mike Schmitz Automotive Group, Inc.'s

motion for summary judgment (Doc. # 69), which has been fully briefed (Docs.

# 70, 78, 79).  The court construes Defendant's motion for summary judgment as

including a *Daubert* motion to exclude the opinion testimony of Plaintiff's expert,

Dr. Raymond Thompson.  Upon consideration of the parties' arguments, the

evidence, and the relevant law, the court finds that the motion for summary

judgment is due to be granted, and the *Daubert* motion is due to be denied as moot.

## I. JURISDICTION AND VENUE

This court exercises diversity subject-matter jurisdiction pursuant to 28

U.S.C. § 1332(a).[1]  Personal jurisdiction and venue are uncontested.

---

[1] Plaintiff is a citizen of Tennessee; Defendant is a citizen of Alabama.

## II.  STANDARD OF REVIEW

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant.  *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.  *Id*.  Or a movant who does not have a trial burden of production can assert, without citing the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact.  Fed. R. Civ. P. 56(c)(1)(B); *see also* Fed. R. Civ. P. 56, advisory committee's note ("Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. . . . [A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.").  If the movant meets its burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists.  *Celotex*, 477 U.S.

at 324.   A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III.  BACKGROUND

Plaintiff Jimmy Billingsley is a truck driver who transports cars between dealerships to facilitate trades.   On June 17, 2011, he was in Dothan, Alabama, preparing to transfer a car from Defendant's business to another dealer in Chattanooga, Tennessee.   Plaintiff loaded a then-new 2011 Mercedes-Benz GL550 onto his tow truck and then prepared to enter the car to secure the emergency brake.   When Plaintiff tried to open the driver's door, the door handle separated from the car, causing Plaintiff to fall backward from his truck bed onto concrete. Plaintiff and another witness, Linda Haden,[2] claim that the door handle simply fell off in his hand without any resistance.   In other words, Plaintiff did not exert an extraordinary amount of force on the handle to cause it to break.

Plaintiff's account is disputed as some witnesses say that he pulled himself up onto the truck bed while grasping the car door handle.   Plaintiff says that he weighed about 195 pounds in June 2011.   Dr. Thompson performed tests and concluded that a person applies only 37.5% of his body weight against a car door handle in order to pull himself onto the bed of a tow truck.   (*See* Dr. Thompson's

---

[2] Ms. Haden works for Defendant as a salesperson.

Report, at 4–5 (Doc. # 70-5, at 7–8).)  Dr. Thompson opines that Plaintiff pulled on a defective door handle and that the handle's separation from the car door would have resulted regardless of the amount of pressure applied to the handle.  (*See* Dr. Thompson's Report, at 5.)

As a result of his fall, Plaintiff broke his tailbone and fractured his wrist, incurred medical costs, suffered lost wages, and continues to endure permanent injuries that require medical attention.  On June 14, 2013, Plaintiff sued Defendant for negligence and wantonness (Count One), negligent and wanton supervision or training (Count Two), negligent and wanton retention (Count Three), negligent and wanton hiring (Count Four), breach of implied warranty of merchantability (Count Six), breach of implied warranty for a particular purpose (Count Seven), breach of express warranty (Count Eight), breach of warranty (Count Nine), negligent and wanton inspection and failure to warn (Count Ten).  (*See* Compl.)[3]  In May 2014, Plaintiff sought to amend his complaint to add Daimler North America Corporation, Mercedes-Benz USA, LLC, and Mercedes-Benz U.S. International, Inc., as defendants on the breach of warranty claims, but Plaintiff's motion was denied because he failed to show good cause for his failure to comply with the court's uniform scheduling order's deadline for motions to amend the pleadings.  (*See* Doc. # 66.)

---

[3] Count Five is for "Vicarious Liability," which is not a cause of action.  Plaintiff asserts in Count Five that Defendant is liable for the negligence or wantonness of its employees.

## IV.  DISCUSSION

Defendant requests summary judgment as to "all the claims asserted by Plaintiff," (Doc. # 70, at 1), but confronts only its alleged liability for negligence, (*See* Doc. # 70, at 7 ("Plaintiff's claims are based exclusively in negligence . . . .").)  Plaintiff's responsive arguments likewise focus only upon a claim of negligence.  (*See* Doc. # 78, at 5–12.)  Thus, Defendant's motion is actually one for partial summary judgment, and this opinion only addresses Plaintiff's negligence-based claims.  The elements of negligence are a duty, a breach of that duty, causation, and damages.  *Prill v. Marrone*, 23 So. 3d 1, 6 (Ala. 2009).  Defendant contests Plaintiff's ability to prove the first three elements.

Defendant asserts that Plaintiff must show that it owed him a duty of care. *See DiBiasi v. Joe Wheeler Elec. Membership Corp.*, 988 So. 2d 454, 460 (Ala. 2008) ("It is settled that for one to maintain a negligence action[,] the defendant must have been subject to a legal duty.") (internal quotation marks omitted). Plaintiff asserts that Defendant had a duty "to discover and warn" him about the "door handle's dangerous condition." (Doc. # 78, at 2.)  Defendant contends that it had no knowledge of the defective or damaged door handle and thus had no duty to make it safe.  Whether a legal duty exists "is a strictly legal question to be determined by the court."  *DiBiasi*, 988 So. 2d at 460.

The parties' briefing assumes that if Defendant is liable, liability arises from Defendant's status as owner or operator of Defendants' premises, the location where Plaintiff was injured.[4]   Ordinarily, a property owner or occupier "is bound to use reasonable care and diligence to keep [his] premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it." *Sheikh v. Lakeshore Found.*, 64 So. 3d 1055, 1058 (Ala. Civ. App. 2010) (quoting *Geis v. Tenn. Coal, Iron & R.R. Co.*, 39 So. 301, 303 (Ala. 1905)).   The rule includes "the duty to warn an invitee of danger, of which [the property owner or occupier] knows, or ought to know, and of which the invitee is ignorant."   *Id.* at 1059.

Defendant contends that it has no duty to make safe or warn of a latent, dangerous condition of which it is unaware.   (Doc. # 70, at 8.)   In support, Defendant cites *Edmonson v. Cooper Cameron Corp.*, 374 F. Supp. 2d 1103 (M.D. Ala. 2005).[5]   There, the court considered "the legal duty of a premises owner to

---

[4] Under these facts, liability might arise under a theory of bailment law, but neither party has raised this theory in the briefing.

[5] Defendant cites additional case law in support of this proposition, but the cases are inapposite, non-binding, or both.   (*E.g., Ward v. Hobart Mfg. Co.*, 450 F.2d 1176 (5th Cir. 1971) (applying Mississippi law to negligent failure to warn-*product liability* claim); *Kuptz v. Ralph*

provide a safe place to work for employees of an independent contractor." *Id.* at 1106.  The court acknowledged and followed the rule that "a premises owner owes no duty of care to employees of an independent contractor with respect to working conditions arising during the progress of the work on the contract." *Id.* However, the court noted that if a "defect or danger is hidden *and* known to the [land]owner, and neither known to the contractor, nor such as [the contractor] ought to know, it is the duty of the owner to warn the contractor, and if he does not do this he is liable for resultant injury." *Id.* at 1107 (quoting *Hughes v. Hughes*, 367 So. 2d 1384, 1386 (Ala. 1979) (emphasis added)).[6]

Plaintiff responds with authority that, "if [a latent] defect is one which an ordinarily careful inspection would reveal, it cannot be regarded as a latent defect within the rule which exonerates [landowners] from liability." *Robinson Min. Co. v. Tolbert*, 31 So. 519, 520 (Ala. 1901).  Plaintiff, of course, does not believe that Defendant conducted an ordinarily careful inspection of the car door handle.  In *Robinson*, the plaintiff alleged that the defendant-company's employee, a

---

*Sollitt & Sons Constr. Co.*, 88 F.2d 532 (5th Cir. 1937) (applying Texas law and holding that an defendant general contractor owed plaintiff, a subcontractor's employee, a duty to warn of "any unusual or latent dangers incident to his employment"); *Ex parte Chevron Chem. Co.*, 720 So. 2d 922, 923 (Ala. 1998) (applying Alabama law to negligent failure to warn-*product liability* claim).

[6] It is unclear why Defendant cites *Edmonson* because it is, like the other three cases cited in the same string citation, not directly on point.  *Edmonson* applies Alabama case law governing a landowner's liability to the employees of an independent contractor who has taken control of real property in order to improve it.  Defendant's brief does not elaborate upon *Edmonson*.  (*See* Doc. # 70, at 8–9.)  The court assumes Defendant cites *Edmonson* simply for its proposition that a premises owner has no duty to warn of a danger of which it has no knowledge.

superintendent, negligently failed to warn him, a laborer, of the presence of dynamite near the place the laborer was working.  The court held that the plaintiff could have alleged, but did not have to allege, that the defendant actually knew of the placement of dynamite.  Rather, it was enough to allege that defendant "was in [a] position, by the exercise of reasonable prudent care, to know" about the dynamite.  *Id.* at 519.[7]

The court is not persuaded that Alabama's tort law obliging a premises owner or operator to inspect and discover dangerous hazards on his land should apply in this case.  When Plaintiff was injured, he was already in possession of the car and had loaded it onto his tow truck, and his injury could have resulted regardless of whether he was on Defendant's property.  Plaintiff's theory of the case requires the court to first find that Defendant owed Plaintiff a duty to inspect and discover a latent defect on a car that Defendant hired Plaintiff to tow away from Defendant's property, but Plaintiff has not supplied the court with legal authority requiring the court to find that duty.  Consequently, in the absence of a finding of duty, summary judgment is due to be granted in Defendant's favor on Plaintiff's negligence-based claims.  *See Celotex*, 477 U.S. at 322 (holding that summary judgment must be entered "against a party who fails to make a showing

---

[7] It appears that neither the Alabama Supreme Court nor the Court of Civil Appeals has cited *Robinson* in a published opinion since 1936, but *Robinson* appears to be consistent with *Sheikh*, a more recent case, which requires a land owner to warn invitees of dangers of which he knows or ought to know.  *Sheikh*, 64 So. 3d at 1058.

sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").  The court declines to consider the parties' additional arguments regarding breach of duty, causation, or the admissibility of Dr. Thompson's opinion testimony.

## V.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Defendant's motion for partial summary judgment (Doc. # 69) is GRANTED, and Defendant's *Daubert* motion to exclude Dr. Raymond Thompson's testimony is DENIED AS MOOT.

It is further ORDERED that the pretrial conference and trial settings are CONTINUED generally, and that Plaintiff shall show cause, on or before **September 2, 2014**, why summary judgment should not be granted in Defendant's favor as to his remaining wantonness and breach of warranty claims.

DONE this 26th day of August, 2014.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT COURT