IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY D. BILLINGSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:13-CV-412-WKW |
| ) | [WO] |
| MIKE SCHMITZ AUTOMOTIVE ) | |
| GROUP, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

On August 26, 2014, the court granted Defendant's motion for summary judgment on Plaintiff's negligence-based claims and directed Plaintiff to show cause on or before September 2, 2014, why summary judgment should not be granted in Defendant's favor as to the remaining wantonness and breach of warranty claims. (Doc. # 92, at 9.) Plaintiff has responded that he does not plan to "substantively respond" to the show cause order. (Doc. # 93.)

Rule 56(f)(2) provides that a district court, after giving the parties "notice and a reasonable time to respond," may "grant a motion for summary judgment on grounds not raised by a party." *See also Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999).

Because the court has concluded that Plaintiff has not shown that Defendant owed him a legal duty, which is a necessary element to a negligence claim, (*see*

Doc. # 92), the court finds that Plaintiff's wantonness-based claims are likewise due to be dismissed.  *See Carter v. Chrysler Corp.*, 743 So. 2d 456, 464 (Ala. Civ. App. 1998) ("[W]antonness [is] the conscious doing of some act or the omission of some duty, while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result." (internal quotation marks omitted)).  Furthermore, there is no evidence that Plaintiff and Defendant had a buyer-seller relationship, and therefore, Defendant is entitled to summary judgment on Plaintiff's breach of warranty claims.  *See* Ala. Code §§ 7-2-313, 7-2-314, 7-2-315.

Accordingly, it is ORDERED that summary judgment is GRANTED in favor of Defendant on Plaintiff's remaining claims.

A separate final judgment will be entered.

DONE this 3rd day of September, 2014.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT COURT